IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVON JOHNSON, et al.,<br><br>               Plaintiffs,<br><br>v.<br><br>DANIEL FORREST, et al.,<br><br>               Defendants. | Civil Action No. 07-2755 |

MEMORANDUM/ORDER

August 17, 2007,

      Before the court is the plaintiffs' motion to remand this civil action to the Court of Common Pleas of Philadelphia County. *See* Pls.' Mot. Remand (Doc. No. 3, filed July 30, 2007). Defendants filed a notice of removal on July 3, 2007, purporting to remove this case from the Court of Common Pleas to this court. *See* Notice Removal Civ. Action (Doc. No. 1). In support of remand, plaintiffs contend that (1) this court lacks removal jurisdiction because one of the removing defendants is a citizen of the forum state, Pennsylvania; and (2) removal is untimely because the notice was filed more than thirty days after the defendants were served with the state-court complaint and summons. *See*

Pls.' Mot. Remand ¶¶ 2–5.  The plaintiffs' motion will be granted.[1]

Defendants' notice of removal states, *inter alia*, that "defendant, Daniel Forrest, resides at 4935 Penn Street, Philadelphia, PA."  Notice Removal Civ. Action ¶ 8.  The "Civil Cover Sheet" attached to the notice of removal lists Daniel Forrest's county of residence as "Philadelphia."  Notice Removal Civ. Action, Civil Cover Sheet (Doc. No. 1-5) ¶ I(b).  Finally, where defendants were required to check boxes indicating the parties' citizenship, they checked a box marked "DEF" next to the words "Citizen of This State" (i.e., Pennsylvania).  Notice Removal Civ. Action, Civil Cover Sheet ¶ III.

A case is removable to federal court on diversity grounds "only if none of the . . . properly joined and served . . . defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b); *see, e.g.*, *Lincoln Property Co. v. Roche*, 546 U.S. 81, 126 S. Ct. 606, 610 (2005).  The removing defendants bear the burden of demonstrating removability.  *See Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).  Further, "[b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."  *Id.*  Defendants premise

---

[1] The defendants have not filed any opposition to the plaintiffs' motion to remand. *See* E.D. Pa. Local R. Civ. P. 7.1(c) ("[U]nless the Court directs otherwise, any party opposing [a] motion shall serve a brief in opposition . . . within fourteen (14) days after service of the motion and the supporting brief.").  However, notwithstanding this lack of opposition, plaintiffs' motion is not granted as uncontested, *cf. id.* ("In the absence of a timely response, [a] motion may be granted as uncontested . . . ."), but because the court concludes that removal jurisdiction is lacking.  *See* discussion in text *infra*.

removal on diversity, *see* Notice Removal Civ. Action ¶ 10, but they have not met their burden to show that "none of the . . . defendants is a citizen of the State" of Pennsylvania, as required by section 1441(b).  To the contrary, defendants' representations to this court, in their notice of removal, establish that defendant David Forrest *is* a citizen of Pennsylvania.  Thus, defendants have demonstrated the absence of removal jurisdiction, under 28 U.S.C. § 1441(b), and the case must be remanded to the Court of Common Pleas for Philadelphia County.[2]

Accordingly, it is hereby **ORDERED** that the plaintiffs' motion is **GRANTED,** and this case is **REMANDED** to the Court of Common Pleas for Philadelphia County.

BY THE COURT:

/s/ Louis H. Pollak
_____
Pollak, J.

---

[2] Even if defendant Daniel Forrest were not a citizen of Pennsylvania, the case would have to be remanded because defendants' notice of removal is untimely.  Under 28 U.S.C. § 1446, "[t]he notice of removal . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ., or within thirty days after the service of summons upon the defendant . . ., whichever period is shorter."  28 U.S.C. § 1446(b).  Here, the defendants acknowledge that they received a copy of both the summons and the initial state-court pleading on May 17, 2007, *see* Notice Removal Civ. Action ¶ 3, but the notice of removal was not filed until July 3, 2007—more than two weeks after Monday, June 18, 2007, which, under section 1446(b) and Federal Rule of Civil Procedure 6(a), was the final day of the thirty-day window for timely removal.